UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-CV-21721- Altonaga/ O'Sullivan

CHRISTINE KILLOUGH,

      Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, and

      Defendant.

_____/

## DEFENDANT CARNIVAL'S RESPONSES TO PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION

Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES ("Defendant" or "Carnival"), by and through the undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, hereby serves its Responses to Plaintiff's Initial Request for Production dated July 2, 2014.

Respectfully submitted,

**FOREMAN FRIEDMAN, PA**

BY: /s/ *Amanda J. Ross*
Jeffrey E. Foreman, Esq.
Florida Bar No. 0240310
jforeman@fflegal.com
Noah D. Silverman, Esq.
Florida Bar No. 401277
nsilverman@fflegal.com
Amanda J. Ross, Esq.

FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077



EXHIBIT

A

CASE NO. 1:14-CV-21721- Altonaga/ O'Sullivan

Florida Bar No. 059666
aross@fflegal.com
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Phone: 305-358-6555
Fax: 305-374-9077
*Attorneys for Defendant, Carnival*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Email

on this 13st day of August 2014 on: see attached Service List.

BY: /s/ *Amanda J. Ross*
Amanda J. Ross, Esq.

## SERVICE LIST
## CASE NO.  14-21721-CIV-Altonaga/O'Sullivan

John H. Hickey, Esq.
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
Hickey Law Firm, P.A.
1401 Brickell Avenue, Suite 510
Miami, FL  33131
Tel: 305-371-8000/ Fax: 305-371-3542
*Attorney for Plaintiff*

Jeffrey E. Foreman, Esq.
jforeman@fflegal.com
Noah D. Silverman, Esq.
nsilverman@fflegal.com
Amanda J. Ross, Esq.
aross@fflegal.com
FOREMAN FRIEDMAN, PA
One Biscayne Tower – Suite #2300
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: 305-358-6555/ Fax: 305-374-9077
*Attorneys for Defendant*

2

CASE NO. 1:14-CV-21721- Altonaga/ O'Sullivan

## PRELIMINARY STATEMENT

Carnival has not yet completed its investigation of the facts relating to this incident, has not yet completed its discovery in this action, and has not yet completed its preparation for trial. Consequently, the following Responses are given without prejudice to Carnival's right to supplement its Responses with subsequently discovered evidence relating to the proof of facts subsequently discovered to be relevant.

Except for facts exclusively admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that a Request for Production herein has been answered should not be taken as an admission or a concession of the existence of any fact except as explicitly set forth. All Responses are given on the basis of present recollection.

FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

CASE NO. 1:14-CV-21721- Altonaga/ O'Sullivan

## RESPONSES TO PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION

1. Any and all **photographs, videotapes, diagrams, illustrations, or reproductions** of the **scene of the accident and/or area where the subject accident occurred**, made or generated at anytime.

**RESPONSE: Defendant does not have any photographs, videotape, of the lounge taken in investigation of the alleged incident. Attached is an architectural drawing of the Butterflies Lounge. As to the remainder of the request, Defendant objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not reasonably limited in time or scope.** *See e.g., Chauve v. Costa Crociere,* **2007 U.S. Dist. LEXIS 74827 (S.D. Fla. 2007) (discovery was limited to similar incidents involving only the subject vessel);** *Anderson v. Lowe's Home Centers, Inc.,* **2008 U.S. Dist. LEXIS 120901 5 (M.D. Fla. 2008) (limiting discovery in a slip and fall case to the "location of the incident at issue.");** *Washington v. Brown & Williamson Tobacco Corp.,* **959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case.");** *Dellacasa, LLC v. John Moriarty & Assoc. of Florida, Inc.,* **2007 U.S. Dist. LEXIS 84898 (S.D. Fla. 2007) (refusing to allow discovery of documents that did not "related to an actual claim or defense in the instant action.").** *See* **attached architectural drawing of the deck.**

2. Any and all **photographs, videotapes, diagrams, illustrations or reproductions** made of the **Plaintiff** at anytime.

**RESPONSE:** *See* **attached documents.**

3. Any and all incident reports, forms, notes, memoranda, correspondence, and any and all other documents which **describe or reference the subject incident.**

**RESPONSE: See attached non privileged document which refers to the alleged incident. Defendant objects to the remainder of the request as it necessarily calls for the production of documents prepared at the direction of counsel in anticipation of litigation and which are protected by the work-product privilege.** *See e.g., Hickman v. Taylor,* **329 U.S. 495 (1947);** *see also Fojtasek v. NCL (Bahamas) Ltd.,* **262 F.R.D. 650 (S.D. Fla. 2009).** *See Defendant's privilege log.*

4. Any and all incident reports, forms, notes, memoranda, correspondence, and any and all other documents which **describe or reference the passengers who physically assaulted and battered the Plaintiff.**

**RESPONSE:** *See* **documents produced in response to Defendant's Response to Request for Production No. 3. The remainder of the allegation is objected to as this request is overbroad as to scope. Further this request for production necessarily calls for the production of documents prepared at the direction of counsel in anticipation of litigation and which are protected by the work-product privilege.** *See e.g., Hickman v. Taylor,* **329 U.S. 495 (1947);** *see also Fojtasek v. NCL (Bahamas) Ltd.,* **262 F.R.D. 650 (S.D. Fla. 2009).** *See Defendant's privilege log.*

4

CASE NO. 1:14-CV-21721- Altonaga/ O'Sullivan

5.  Any and all **logs, reports, forms, memoranda, notes, correspondence,** and any and all other documents which describe or reference any **medical treatment** offered to or received by the Plaintiff in reference to the subject incident.

**RESPONSE:** *See* **documents produced in response to Defendant's Response to Request for Production No. 3. The remainder of the allegation is objected to as this request is overbroad as to scope. Further this request for production necessarily calls for the production of documents prepared at the direction of counsel in anticipation of litigation and which are protected by the work-product privilege.** *See e.g., Hickman v. Taylor,* **329 U.S. 495 (1947);** *see also Fojtasek v. NCL (Bahamas) Ltd.,* **262 F.R.D. 650 (S.D. Fla. 2009).** *See Defendant's privilege log.*

6.  Any and all written or recorded **statements made by the Plaintiff** in reference to the subject accident or in reference to the injuries received as a result of the subject accident.

**RESPONSE:** *See* **documents produced in response to Request for Production numbered 3.**

7.  Any and all reports, memoranda, notes, correspondence, forms, and any and all other documents which describe, refer to or contain any statements made by the Plaintiff in reference to the subject incident or in reference to the injuries received by the Plaintiff as a result of the subject incident.

**RESPONSE:** *See* **documents produced in response to Defendant's Response to Request for Production No. 3. Further this request for production necessarily calls for the production of documents prepared at the direction of counsel in anticipation of litigation and which are protected by the work-product privilege.** *See e.g., Hickman v. Taylor,* **329 U.S. 495 (1947);** *see also Fojtasek v. NCL (Bahamas) Ltd.,* **262 F.R.D. 650 (S.D. Fla. 2009).** *See Defendant's privilege log.*

8.  Any and all incident reports, photographs, video tapes, audio tapes, diagrams, illustrations, reproductions, witness statements, memoranda, forms, notes, correspondence, and any and all other documents which describe, refer to or depict any **incident involving physical assault or battery of a passenger by another passenger** which occurred on the subject vessel and which occurred **within seven years before the subject incident.** This request does not include incidents that occurred in passenger staterooms.

**RESPONSE:   Objection. This request for production is overbroad, unduly burdensome, not sufficiently limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence as it is not tailored to the allegations in Plaintiff's Complaint.** *See Washington v. Brown & Williamson Tobacco Corp.,* **959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case.");** *Dellacasa, LLC v. John Moriarty & Assoc. of Florida, Inc.,* **2007 U.S. Dist. LEXIS 84898 (S.D. Fla. 2007) (refusing to allow discovery of documents that did not "related to an**

5

CASE NO. 1:14-CV-21721- Altonaga/ O'Sullivan

actual claim or defense in the instant action."); *Lerer v. Ferno Washington, Inc.*, 2007 U.S. Dist. LEXIS 86882 *8 (S.D. Fla. 2007)("... the scope of permissible discovery is not unbounded. Requested discovery must be relevant...."). Further this request for production necessarily calls for the production of documents prepared at the direction of counsel in anticipation of litigation and which are protected by the work-product privilege. *See e.g., Hickman v. Taylor*, 329 U.S. 495 (1947); *see also Fojtasek v. NCL (Bahamas) Ltd.*, 262 F.R.D. 650 (S.D. Fla. 2009). Further, *see Sorrels v. NCL Bah. LTD.*, 2013 U.S. Dist. LEXIS 106144, 4-5 (S.D. Fla. July 24, 2013)(limiting discovery of prior incidents to three years prior to the incident at issue, and only on the vessel on which Plaintiff's incident occurred).

9. Any and all time cards, payroll records, employee rosters, and other records which show, indicate or refer to the names, addresses, and titles of employees who were in or near the area of the incident in the Butterfly Lounge of the subject vessel on or about the time of the subject incident.

**RESPONSE:** Objection. This request is vague, ambiguous, overbroad, unduly burdensome, not sufficiently limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case."); *Dellacasa, LLC v. John Moriarty & Assoc. of Florida, Inc.*, 2007 U.S. Dist. LEXIS 84898 (S.D. Fla. 2007) (refusing to allow discovery of documents that did not "related to an actual claim or defense in the instant action."); *Lerer v. Ferno-Washington, Inc.*, 2007 U.S. Dist. LEXIS 86882 *8 (S.D. Fla. 2007)("... the scope of permissible discovery is not unbounded. Requested discovery must be relevant....").

10. Any and all correspondence, faxes, or other written **communication** sent or received from Plaintiffs, or anyone on behalf of the Plaintiffs, at any time in regarding to the subject accident.

**RESPONSE:** *See* **documents produced in response to Request for Production numbered 3.**

11. Any and all **diagrams and floor plans of the area where the accident occurred.** This request is for architectural drawings, not for the diagram available on the cruise line's website.

**RESPONSE: See architectural drawing of the Butterflies Lounge produced in response to Request for Production numbered 1.**

12. Any and all **tickets,** contracts, or other written materials, which the Defendant claims affects the liability of the parties or the recovery of damages set forth in the Plaintiff's Complaint.

**RESPONSE: Attached is an exemplar of the subject ticket contract. The remainder of this request is objected to as vague.**

6

13. Any and all **statements** and/or reports executed by, completed by, or given to the **Plaintiff** at any time after the subject accident.

**RESPONSE:** *See* **Plaintiff's statement produced in response to Request for Production numbered 3.**

14. Any and all manuals, rule books, brochures, pamphlets, memos, and any and all other materials distributed to, available to, or shown to any crew members at any time in the last five years which refer to or describe the **methods, rules, regulations, and/or policies regarding safety of passengers on the subject vessel, and/or how to prevent incidents at events hosted by Carnival on its vessel.**

**RESPONSE: Objection. This request for production is overbroad, unduly burdensome and not sufficiently limited in time or scope and not calculated to lead to the discovery of admissible evidence and not narrowly tailored to the allegations of the complaint. As to the remainder of the request, objection on the basis that the request is vague overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not reasonably limited in time or scope.** *See e.g.,* *Franzon v. Massena Mem. Hosp.,* **189 F.R.D. 220, 222 (N.D.N.Y. 1999) (finding that defendant's discovery request for "any and all documents" without limitations is overbroad);** *Maharaj v. Geico Cas. Co.,* **289 F.R.D. 666, 2013 U.S. Dist. LEXIS 53160, 2013 WL 1910283 (S.D. Fla. 2013) (Courts have long held that discovery should be tailored to the issues involved in the particular case);** *Marens v. Carrabba's Italian Grill, Inc.,* **196 F.R.D. 35, 2000 U.S. Dist. LEXIS 14953 (D. Md. 2000) (The court is given great flexibility to order only that discovery that is reasonable for a case);** *Robbins v. Camden City Bd. of Educ.,* **105 F.R.D. 49, 55 (D.N.J.1985) (Discovery should be tailored to the issues involved in the particular case).**

15. Any and all **policies of insurance** which cover or which may cover the liability and/or damages for the subject incident. This request includes but is not limited to all primary coverage, all secondary coverage, all excess coverage, all umbrella coverage, all general liability coverage, all errors and omissions coverage, all professional liability coverage, and all other liability coverage. Further, this request includes but is not limited to any and all addenda, riders, amendments, conditions thereto, as well as any and all declaration sheets or pages.

**RESPONSE: Not applicable. Carnival is a member of Steamship Protection & Indemnity Club.**

16. **Job description** of each and every crew member whose responsibilities include organizing or hosting events in the Butterfly Lounge on the subject ship.

**RESPONSE: This request is vague, ambiguous, overbroad, not sufficiently limited in time or scope not reasonably calculated to lead to the discovery of admissible evidence.** *See* *Washington v. Brown & Williamson Tobacco Corp.,* **959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case.");** *Dellacasa, LLC v. John Moriarty & Assoc. of Florida, Inc.,* **2007 U.S. Dist. LEXIS 84898 (S.D. Fla.**

7

2007) (refusing to allow discovery of documents that did not "related to an actual claim or defense in the instant action."); *Lerer v. Ferno-Washington, Inc.*, 2007 U.S. Dist. LEXIS 86882 *8 (S.D. Fla. 2007)("... the scope of permissible discovery is not unbounded. Requested discovery must be relevant....").

      17. **Job description** of each and every crew member whose responsibilities include safety and security in the Butterfly Lounge on the subject ship.

**RESPONSE**: This request is vague, ambiguous, overbroad, not sufficiently limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case."); *Dellacasa, LLC v. John Moriarty & Assoc. of Florida, Inc.*, 2007 U.S. Dist. LEXIS 84898 (S.D. Fla. 2007) (refusing to allow discovery of documents that did not "related to an actual claim or defense in the instant action."); *Lerer v. Ferno-Washington, Inc.*, 2007 U.S. Dist. LEXIS 86882 *8 (S.D. Fla. 2007)("... the scope of permissible discovery is not unbounded. Requested discovery must be relevant....").

      18. Any and all logs, computer data, reports, and information on **guest complaints** in regard to incidents of physical assaults or battery of a passenger by another passenger that occurred on the subject vessel, which took place from three years prior to the subject incident through the end of the voyage on which the subject incident took place. (This request does not include incidents that took place inside passenger staterooms)

**RESPONSE**: Objection. This request for production is overbroad, and not sufficiently limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case."); *Dellacasa, LLC v. John Moriarty & Assoc. of Florida, Inc.*, 2007 U.S. Dist. LEXIS 84898 (S.D. Fla. 2007) (refusing to allow discovery of documents that did not "related to an actual claim or defense in the instant action."); *Lerer v. Ferno-Washington, Inc.*, 2007 U.S. Dist. LEXIS 86882 *8 (S.D. Fla. 2007)("... the scope of permissible discovery is not unbounded. Requested discovery must be relevant...."). Further, see *Sorrels v. NCL Bah. LTD.*, 2013 U.S. Dist. LEXIS 106144, 4-5 (S.D. Fla. July 24, 2013)(limiting discovery of prior incidents to three years prior to the incident at issue, and only on the vessel on which Plaintiff's incident occurred). Further this request for production necessarily calls for the production of documents prepared at the direction of counsel in anticipation of litigation and which are protected by the work product privilege. *See e.g., Hickman v. Taylor*, 329 U.S. 495 (1947).

      19. Any and all minutes or meetings held at any time within 3 years before the subject incident through 3 months after the subject incident, and which minutes relate to event organization or safety of passengers in any lounge, theatre, or other public space on the Carnival *Pride*.

FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

CASE NO. 1:14-CV-21721- Altonaga/ O'Sullivan

**RESPONSE: Defendant objects to the scope and breadth of this request which is vague, ambiguous, overbroad, unduly burdensome, not sufficiently limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence.** *See Washington v. Brown & Williamson Tobacco Corp.*, **959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case.");** *Dellacasa, LLC v. John Moriarty & Assoc. of Florida, Inc.,* **2007 U.S. Dist. LEXIS 84898 (S.D. Fla. 2007) (refusing to allow discovery of documents that did not "related to an actual claim or defense in the instant action.");** *Lerer v. Ferno-Washington, Inc.,* **2007 U.S. Dist. LEXIS 86882 \*8 (S.D. Fla. 2007)("... the scope of permissible discovery is not unbounded. Requested discovery must be relevant....").**

20. Any and all **minutes of meetings of any safety committee, department heads, management, or deck personnel,** held onboard the subject ship for the period of time of three years prior to the subject accident through 3 months after the subject incident.

**RESPONSE: Defendant objects to the scope and breadth of this request which is vague, ambiguous, overbroad, unduly burdensome, not sufficiently limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence.** *See Washington v. Brown & Williamson Tobacco Corp.*, **959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case.");** *Dellacasa, LLC v. John Moriarty & Assoc. of Florida, Inc.,* **2007 U.S. Dist. LEXIS 84898 (S.D. Fla. 2007) (refusing to allow discovery of documents that did not "related to an actual claim or defense in the instant action.");** *Lerer v. Ferno-Washington, Inc.,* **2007 U.S. Dist. LEXIS 86882 \*8 (S.D. Fla. 2007)("... the scope of permissible discovery is not unbounded. Requested discovery must be relevant....").**

21. Any and all security video (CCTV) of the scene of the incident and/or area where the subject incident occurred, made or generated at any time during the subject cruise.

**RESPONSE: None.**

22. Any and all demand letters, photographs, accident reports, indexes, and any other documents which show, indicate or refer to any **accidents and/or injuries** which occurred at anytime within **5 years before** the subject accident and which occurred in the area where the subject accident occurred.

**RESPONSE: Objection. This request for production is vague and confusing. Further, this request for production is overbroad, unduly burdensome, not sufficiently limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence as it is not tailored to the allegations in Plaintiff's Complaint. This request further demands production of confidential settlement communications. Further,** *see Sorrels v. NCL Bah. LTD.,* **2013 U.S. Dist. LEXIS 106144, 4-5 (S.D. Fla. July 24, 2013)(limiting discovery of prior incidents to three years prior to the incident at issue, and only on the vessel on which Plaintiff's incident occurred). Further this request for production necessarily calls for the production of documents prepared at the direction of counsel in anticipation of litigation**

9

CASE NO. 1:14-CV-21721- Altonaga/ O'Sullivan

and which are protected by the work-product privilege. *See e.g., Hickman v. Taylor*, 329 U.S. 495 (1947).

23. The subject premises; vessel(s); vehicle(s); aircraft; devices; products; mechanisms; signage; flooring; railing; steps; drains; tools; machinery; instrumentalities; and any and all other items involved in or which may have caused or contributed to the cause of the subject incident.

**RESPONSE: Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence or tailored to the allegations in the Complaint. Plaintiff at this time has not alleged any instrumentality or appurtenance on the subject vessel caused or contributed to the subject incident. Plaintiff is invited to demonstrate how inspection of the subject vessel, any "item", is reasonably calculated to the allegations in the Complaint.**

24. A print out of the complete Guest Services log database for the subject voyage and for all voyages on which any incident has occurred where a passenger injured another passenger at a cruise line organized event.

**RESPONSE: Objection. This request for production is overbroad, irrelevant, immaterial, harassing, not sufficiently limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence as it is not tailored to the allegations in Plaintiff's Complaint. The Guest Services log in their entirety for the entire voyage and all voyages on which an incident has occurred contains information with no bearing on the subject incident. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case."); *Dellacasa, LLC v. John Moriarty & Assoc. of Florida, Inc.*, 2007 U.S. Dist. LEXIS 84898 (S.D. Fla. 2007) (refusing to allow discovery of documents that did not "related to an actual claim or defense in the instant action."); *Lerer v. Ferno-Washington, Inc.*, 2007 U.S. Dist. LEXIS 86882 *8 (S.D. Fla. 2007)("... the scope of permissible discovery is not unbounded. Requested discovery must be relevant...."); *Maharaj v. Geico Cas. Co.*, 289 F.R.D. 666, 2013 U.S. Dist. LEXIS 53160, 2013 WL 1910283 (S.D. Fla. 2013) (Courts have long held that discovery should be tailored to the issues involved in the particular case); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 2000 U.S. Dist. LEXIS 14953 (D. Md. 2000) (The court is given great flexibility to order only that discovery that is reasonable for a case); *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 55 (D.N.J.1985) (Discovery should be tailored to the issues involved in the particular case).**

25. Credit card receipts or on-board credit system receipts for anything charged by the Plaintiff or anyone in his/her cabin at any time during the subject cruise.

**RESPONSE:** *See* **attached documents.**

26. Printout of the onboard charge account records of the Plaintiff...

**RESPONSE:** *See* **attached documents.**

10

27. Any and all logs, reports, progress notes, doctor's notes, nurses notes, medical records, reports, letters, forms, memoranda, notes, correspondence, and any and all other documents which describe or reference any **medical treatment** offered to or received by the Plaintiff in reference to the subject incident.

**RESPONSE:** *See* **documents produced in Defendant's Response to Request for Production numbered 3. The remainder of the request is objected to as this request is overbroad as to scope. Further this request for production necessarily calls for the production of documents prepared at the direction of counsel in anticipation of litigation and which are protected by the work-product privilege.** *See e.g., Hickman v. Taylor***, 329 U.S. 495 (1947);** *see also Fojtasek v. NCL (Bahamas) Ltd.,* **262 F.R.D. 650 (S.D. Fla. 2009).** *See Defendant's privilege log.*

28. Any and all **statements, reports**, emails (printed out), forms, and all other documents or data which were generated by or which contain statements of **ship's doctors, ship's nurses,** or any other **ship's medical personnel** which relate to or which were obtained in the course of the medical care or treatment of the Plaintiff in this case.

**RESPONSE:** *See* **documents produced in Defendant's Response to Request for Production numbered 3. The remainder of the request is objected to as this request is overbroad as to scope. Further this request for production necessarily calls for the production of documents prepared at the direction of counsel in anticipation of litigation and which are protected by the work-product privilege.** *See e.g., Hickman v. Taylor***, 329 U.S. 495 (1947);** *see also Fojtasek v. NCL (Bahamas) Ltd.,* **262 F.R.D. 650 (S.D. Fla. 2009).** *See Defendant's privilege log.*

29. The **daily newspapers** distributed to each cabin on the subject cruise. This is a request for the actual newspaper itself as printed and supplied by the cruise line not a photocopy.

**RESPONSE:** *See* **attached documents.**

30. Any and all guest services and pursers entries on this incident.

**RESPONSE:** *See* **attached documents.**

31. Any and all security officer reports, logs, and summaries in regard to incidents where a passenger has physically assaulted or battered passengers at any cruise line organized event onboard the ship limited to 5 years before the subject incident.

**RESPONSE: Objection. This request for production is overbroad, and not sufficiently limited in time or scope.** *See Washington v. Brown & Williamson Tobacco Corp.,* **959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case."). Further this request for production necessarily calls for the production of documents prepared at the direction of counsel in anticipation of litigation and which**

11

CASE NO. 1:14-CV-21721- Altonaga/ O'Sullivan

are protected by the work-product privilege. *See e.g., Hickman v. Taylor*, 329 U.S. 495 (1947).

32. Any and all **correspondence, notification, faxes, reports or other written communication** sent to or received from Carnival to any federal agency or police including by not limited to the FBI, Coast Guard, police or other law enforcement agency regarding the subject incident described in the Complaint.

**RESPONSE: None.**

33. Any and all **security reports, security watch reports**, security summary reports, security shift reports, and/or security incident reports for the voyage on which the subject incident occurred.

**RESPONSE: Objection. This request is vague, overbroad, unduly burdensome, not sufficiently limited in scope and not reasonably calculated to lead to the discovery of admissible evidence. Further objected to as incidents reports are prepared in anticipation of ligation and are protected by the work product doctrine.** *Alexander v. Carnival Corp.*, **238 F.R.D. 318, 2006 U.S. Dist. LEXIS 81556 (S.D. Fla. 2006);** *Eisenberg v. Carnival Corp.*, **2008 U.S. Dist. LEXIS 56573, 2008 WL 2946029 (S.D. Fla. July 7, 2008).** *See also Washington v. Brown & Williamson Tobacco Corp.*, **959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case.");** *Dellacasa, LLC v. John Moriarty & Assoc. of Florida, Inc.*, **2007 U.S. Dist. LEXIS 84898 (S.D. Fla. 2007) (refusing to allow discovery of documents that did not "related to an actual claim or defense in the instant action.");** *Lerer v. Ferno-Washington, Inc.*, **2007 U.S. Dist. LEXIS 86882 \*8 (S.D. Fla. 2007)("... the scope of permissible discovery is not unbounded. Requested discovery must be relevant....").** Further this request for production necessarily calls for the production of documents prepared at the direction of counsel in anticipation of litigation and which are protected by the work-product privilege and/or the joint-defense privilege. *See e.g., Hickman v. Taylor*, **329 U.S. 495 (1947);** *see also Fojtasek v. NCL (Bahamas) Ltd.*, **262 F.R.D. 650 (S.D. Fla. 2009) ("[P]ersons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims.");** *In re Grand Jury Subpoenas*, **902 F. 2d 244 (4th Cir. 1990).**

34. Any and all memos, directives, reports, emails, internal communication, and in regard to physical assault or battery of a passenger by another passenger generated on the subject ship at any time within 5 years before the subject incident through a period of 3 months after the subject incident.

**RESPONSE: Objection. This request for production is overbroad, and not sufficiently limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence as it is not tailored to the allegations in Plaintiff's Complaint.** *See Washington v. Brown & Williamson Tobacco Corp.*, **959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case.").** Further this request for production necessarily calls for the production of documents prepared at the

12

direction of counsel in anticipation of litigation and which are protected by the work-product privilege and/or the joint-defense privilege. *See e.g., Hickman v. Taylor*, 329 U.S. 495 (1947); *see also Fojtasek v. NCL (Bahamas) Ltd.*, 262 F.R.D. 650 (S.D. Fla. 2009) ("[P]ersons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims."); *In re Grand Jury Subpoenas*, 902 F. 2d 244 (4th Cir. 1990).

35. Any and all rules, regulations, policies, and/or procedures promulgated at any time and in effect onboard the Carnival Pride as of the date of the subject incident and which would apply to the Carnival employees regarding service of alcoholic beverages to passengers onboard the ship.

**RESPONSE**: **Objection. This request for production is overbroad and not sufficiently limited in time.** *See Washington v. Brown & Williamson Tobacco Corp.*, **959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case.");** *Dellacasa, LLC v. John Moriarty & Assoc. of Florida, Inc.*, **2007 U.S. Dist. LEXIS 84898 (S.D. Fla. 2007) (refusing to allow discovery of documents that did not "related to an actual claim or defense in the instant action.");** *Lerer v. Ferno-Washington, Inc.*, **2007 U.S. Dist. LEXIS 86882 \*8 (S.D. Fla. 2007)("... the scope of permissible discovery is not unbounded. Requested discovery must be relevant....").**

36. Any and all compilation of data, statistics, studies, logs, lists, and/ or diaries of other incidents involving physical assault and/or battery, by a passenger on another passenger which occurred at any time within seven years of the subject incident. (This is not a request for accident reports).

**RESPONSE**: **Objection. This request is overbroad, unduly burdensome, not sufficiently limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence.** *See Washington v. Brown & Williamson Tobacco Corp.*, **959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case.");** *Dellacasa, LLC v. John Moriarty & Assoc. of Florida, Inc.*, **2007 U.S. Dist. LEXIS 84898 (S.D. Fla. 2007) (refusing to allow discovery of documents that did not "related to an actual claim or defense in the instant action.");** *Lerer v. Ferno-Washington, Inc.*, **2007 U.S. Dist. LEXIS 86882 \*8 (S.D. Fla. 2007)("... the scope of permissible discovery is not unbounded. Requested discovery must be relevant....").**

37. Any and all documents, manuals, rules, procedures, and guidelines in effect at the time of the subject cruise onboard the Carnival Pride regarding uniformed security patrol, frequency, schedule and route of uniformed security patrol and post orders.

**RESPONSE**: **Objection. This request for production is overbroad and not sufficiently limited in time or scope.** *See Washington v. Brown & Williamson Tobacco Corp.*, **959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case.");** *Dellacasa, LLC v. John Moriarty & Assoc. of Florida, Inc.*, **2007 U.S. Dist. LEXIS 84898 (S.D. Fla. 2007) (refusing to allow discovery of documents that did not "related to an actual claim or defense in the instant action.");** *Lerer v. Ferno-Washington,*

FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

CASE NO. 1:14-CV-21721- Altonaga/ O'Sullivan

*Inc.*, 2007 U.S. Dist. LEXIS 86882 \*8 (S.D. Fla. 2007)("… the scope of permissible discovery is not unbounded. Requested discovery must be relevant….").

38. Any and all rosters, logs, schedule and/or other document reflecting the number of uniformed security officers on duty in the Butterfly Lounge on the Carnival Pride, at any given time during the subject cruise, including but not limited to, the number of chief security officers, assistant chief security officers, security officers, and other uniformed security personnel.

RESPONSE: Objection. This request for production is overbroad and not sufficiently limited in time. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case."); *Dellacasa, LLC v. John Moriarty & Assoc. of Florida, Inc.*, 2007 U.S. Dist. LEXIS 84898 (S.D. Fla. 2007) (refusing to allow discovery of documents that did not "related to an actual claim or defense in the instant action."); *Lerer v. Ferno-Washington, Inc.*, 2007 U.S. Dist. LEXIS 86882 \*8 (S.D. Fla. 2007)("… the scope of permissible discovery is not unbounded. Requested discovery must be relevant….").

FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077